## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TIMOTHY WESTON<br>726 Roosevelt Avenue<br>York, PA 17404 | : <br> : <br> : <br> :      JURY DEMANDED <br> Plaintiff,     : <br> : <br> v.       : <br> :      No. <br> FIRST CAPITAL ENGINEERING   : |

TIMOTHY WESTON                          :
726 Roosevelt Avenue                    :
York, PA 17404                          :
                                        :               JURY DEMANDED
            Plaintiff,                  :
                                        :
      v.                                :
                                        :               No.
FIRST CAPITAL ENGINEERING               :
48 S. Richland Avenue                   :
York, PA 17404                          :
                                        :
            Defendant.                  :

<u>CIVIL ACTION COMPLAINT</u>

And now Plaintiff, Timothy Weston, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d, *et seq.*, the Americans with Disabilities Act ("ADA"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Action ("PHRA"), 43 P.S. § 951, *et seq.* have been violated and avers as follows:

<u>PARTIES</u>

1.      Plaintiff, Timothy Weston, ("Weston" or "Plaintiff") is an adult individual residing in York County at 726 Roosevelt Avenue, York, PA 17404.

2.    Defendant, First Capital Engineering ("Defendant") is a business entity located in York County at 48 S. Richland Avenue, York, PA 17404.

3.    At all times, Defendant employed more than 20 individuals and met the statutory definition of an "employer" as defined by Title VII, ADEA, ADA, and PHRA.

## JURISDICTION AND VENUE

4    This Complaint alleges discrimination on the basis of Weston's race, color, and sexual orientation, in violation of Title VII, on the basis of Weston's race, in violation of Section 1981, on the basis of Weston's actual and/or apparent disability, in violation of the ADA.

5.    This Complaint further alleges retaliation on the basis of Weston's good faith complaint of discrimination, in violation of Title VII and ADA.

6.    Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

9.     On or about April 21, 2022, Weston filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2022-03776 alleging discrimination and wrongful discharge from his employment due to the actions of Defendant.

10.    Weston has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated January 19, 2023 (attached hereto as Exhibit "A").

11.    Weston has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## OPERATIVE FACTS

12.    Defendant hired Mr. Weston in January, 2020 to work as a construction inspector.

13.    Mr. Weston is disabled with depression, anxiety, and explosive disorder. Despite being disabled, he has always been able to provide good work for Defendant.

14.    On May 3, 2021, Mr. Weston was working when he experienced a panic attack. After notifying Sales Management Regina (last name unknown), he was admitted to the emergency room at UPMC Pinnacle Health.

15.    After two days, Mr. Weston was transferred to the Pennsylvania Psychiatric Institute. He remained at the Pennsylvania Psychiatric Institute until May 10, 2021.

16.    On or about May 11, 2021, Mr. Weston attempted to return to work.

17.    An inpatient therapist, Debbie Farrell, drafted a letter on his behalf which was provided to Chief Executive Officer Ann Luciani.

18.    Ms. Luciani questioned Ms. Farrell about Mr. Weston's stay. The letter verified that he had been under inpatient care from May 3, 2021 through May 10, 2021.

19.    At Ms. Luciani's insistence, Ms. Farrell drafted a second letter that clearly indicated that Mr. Weston had been treated at the Pennsylvania Psychiatric Institute.

20.    Upon receipt of the letter, Ms. Luciani asked why Mr. Weston was in the hospital, at this time he told her why he was admitted.

21.    While Ms. Luciani permitted Mr. Weston to return to work, she asked him embarrassing questions about his mental health and the hospital stay.

22.    Upon returning to work, Mr. Weston learned that Defendant hired Molly (last name unknown) to assume some of his responsibilities. Molly is Caucasian; and, upon information and belief Molly is not disabled.

23.     Over the following weeks, Defendant asked Mr. Weston to train Molly to perform tasks, however, she did not know the details of the different projects until he was able to show her.

24.     Ms. Luciani also began treating Mr. Weston in a hostile manner. While he would normally commute from his house and directly towards his work location in the field, Ms. Luciani began to insist that Mr. Weston visit Defendant's office before he visited the worksite each morning and before he returned home in the evening.

25.     Ms. Luciani also changed Mr. Weston's work-issued computer on three occasions over a single month, which made it difficult for him to perform his work. Otherwise, Ms. Luciani barely spoke with him.

26.     On November 8, 2021, Mr. Weston experienced another panic attack. This again required an in-person hospital stay.

27.     During Mr. Weston's medical absence, Ms. Luciani demanded that he return company equipment that was in his possession.

28.     After Mr. Weston returned this equipment, Ms. Luciani terminated Mr. Weston on November 15, 2021 through a phone call. Ms. Luciani would not tell Mr. Weston why he was being terminated.

29.     However, Defendant represented to the Pennsylvania Department of Labor's Office of Unemployment Compensation Benefits that Mr. Weston was terminated for "unsatisfactory work performance."

30.     As a direct and proximate result of the Defendant's conduct, Plain-tiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## COUNT I
### TITLE VII - RACE DISCRIMINATION
### 42 U.S.C.A. § 2000e-2(a)

31.     Weston incorporates the above paragraphs as if fully set forth at length herein.

32.     Weston's status as being African-American places him in the protected class of race.

33.     Weston's membership in a protected class was motivating factors in Defendant's decision to terminate his employment.

34.     Weston suffered disparate treatment by Defendant, as set forth above.

35.     As such, Defendant's decision to subject Weston to adverse employment action employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

36.     As a proximate result of Defendant's conduct, Weston sustained

significant damages, including but not limited to: great economic loss, future lost

earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of

back pay, as well as emotional distress, mental anguish, humiliation, pain and

suffering, consequential damages and Weston has also sustained work loss, loss of

opportunity, and a permanent diminution of earning power and capacity and a

claim is made therefore.

37.     As a result of the conduct of Defendant's management, Weston

demands punitive damages.

38.     Weston demands attorney's fees and court costs under the Section

704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

**COUNT II**
**TITLE VII - RETALIATION**
**42 U.S.C.A. § 2000e-2(a)**

39.     Weston incorporates the preceding paragraphs as if set forth more

fully at length herein.

40.     At set forth above, Weston made complaints about racial and

disability discrimination and harassing conduct in workplace and as such, Weston

was engaged in protected activity under Title VII of the Civil Rights Act.

41.     Defendant took adverse action against Weston by terminating his

employment.

42.    As set forth above, Weston's participation in protected activity was the cause of Defendant's decision to terminate his employment.

43.    As such, Defendant's decision to terminate Weston's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

44.    As a proximate result of Defendant's conduct, Weston sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Weston has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

45.    As a result of the conduct of Defendant's management, Weston demands punitive damages.

46.    Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Weston demands attorneys' fees and court costs.

## COUNT III
## AMERICANS WITH DISABILITIES ACT
## DISPARATE TREATMENT

47.    Weston incorporates the above paragraphs as if they were set forth at length herein.

48.    Based on the foregoing, Weston alleges that Defendant violated the ADA by subjecting him to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment.

49.    Defendant's conduct caused Weston to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Weston has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

50.    Weston prays that Defendant be required to provide all appropriate remedies available under the ADA.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## RETALIATION

51.    Weston incorporates the above paragraphs as if they were set forth at length herein.

52.    Based on the foregoing, Weston alleges that Defendant violated the ADA by retaliating against him for making complaints of disability discrimination.

53.    Defendant's conduct caused Weston to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Weston has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54.     Weston prays that Defendant be required to provide all appropriate remedies available under the ADA.

## COUNT V
## SECTION 1981 - DISCRIMINATION

55.     Weston incorporates the above paragraphs as if fully set forth at length herein.

56.     Weston's status as an African-American places him in the protected class of race.

57.     Weston's membership in a protected class was a motivating factor in Defendant's decision to subject Plaintiff to adverse employment actions.

58.     Weston suffered disparate treatment by Defendant, as set forth above.

59.     Defendant subjected Weston to intentional discrimination based on his race and ethnic characteristics. Specifically, Defendant's intentional discrimination was based on the fact that Weston is African-American.

60.     As a proximate result of Defendant's conduct, Weston sustained significant damages, including but not limited to: great economic loss, future lost

earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Weston also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RACE DISCRIMINATION**
**(43 P.S. § 955)**

61.     Weston incorporates the above paragraphs as if fully set forth at length herein.

62.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

63.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

64.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

65.     Defendant's conduct in discriminating against Plaintiff terminating Plaintiff's employment are adverse employment actions, were taken as a result of his race and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

66.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

67.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et. seq.*)

68.    Weston incorporates the above paragraphs as if fully set forth at length herein.

69.    At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

70.    Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

71.    Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

72.     Defendant's termination of Mr. Weston's employment constituted retaliation for engaging in protected activity by objecting to the sexual harassment that she was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

73.     As a proximate result of Defendant's conduct, Mr. Weston sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Weston has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

74.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Mr. Weston demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Timothy Weston, demands judgment in his favor and against Defendant, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Attorneys' fees and costs of suit;

13

C. Punitive damages;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

BY:    _/s/  Briana Lynn Pearson, Esquire___
       BRIANA LYNN PEARSON, ESQUIRE
       (P.A. ID 327007)
       Two Penn Center, Suite 1240
       1500 John F. Kennedy Boulevard
       Philadelphia, PA 19102
       Telephone: 215-944-6113
       Telefax: 215-627-9426
       Email: brianap@ericshore.com
       Attorney for Plaintiff, Timothy Weston

Date: _March 22, 2023_

14

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct

to the best of my knowledge, information and belief. I understand that false

statements herein are made subject to the penalties of 18 P.A.C.S **§** 4904, relating

to unsworn falsification to authorities.

03/22/2023
Date

Timothy Weston